**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION FILE** |
| v. | ) | |
| | ) | **NO. 1:15-CR-414-TWT/AJB** |
| **TAUYA MUTEKE,** | ) | **(Superseding)** |
| Defendant. | ) | |

**UNITED STATES MAGISTRATE JUDGE'S
<u>FINAL REPORT AND RECOMMENDATION</u>**

Tauya Muteke seeks to dismiss Counts 2 and 3 of the superseding indictment, [Doc. 18], on the grounds that these counts violate the statute of limitations. [Doc. 33]. The government also moves *in limine* to prevent Muteke from introducing certain evidence or making certain arguments at his trial. [Doc. 25]. For the following reasons, the undersigned **RECOMMENDS** that the motion to dismiss, [Doc. 33], be **DENIED**, and **DEFERS** the motion *in limine*, [Doc. 25], to the District Judge.

*I.     Motion to Dismiss, [Doc. 33]*

   *A.     Introduction*

Muteke initially was charged in Case No. 1:09-cr-387-ODE-ECS (N.D. Ga. filed 09/01/2009) with nine counts of assisting the preparation and submission of false tax returns to the IRS between February 2006 and February 2007 for tax years 2005 and 2006, in violation of 26 U.S.C. § 7206(2). The indictment was dismissed without

prejudice on December 2, 2015, for violation of the Speedy Trial Act.  *See* Muteke, 1:09-cr-387-ODE-ECS, ECF No. 58.  On January 19, 2016, the grand jury returned the pending superseding indictment against Muteke, charging him, relevant to the motion to dismiss, with two counts (Counts Two and Three) of assisting the preparation and filing of false tax returns, [Doc. 18 at 2-3].[1]

### *B.   Contentions*

Muteke moves to dismiss Counts Two and Three on the grounds that the statute of limitations had run on those charges and that in order to toll the limitations period so as to render the charges timely, the government would have to prove that he was "fleeing from justice" during the pendency of the first charges, as opposed to just absent from the jurisdiction.  [Doc. 33 at 2 (citing 18 U.S.C. § 3290 and *United States v. Fonseca-Machado*, 53 F.3d 1242, 1244 (11th Cir. 1995) (citing *Donnell v. United States*, 229 F.2d 560 (5th Cir. 1956)))].  In opposition, the government argued that Muteke's motion was governed by 18 U.S.C. § 3288 and not by § 3290.  [Doc. 42 at 1-3].  In reply, Muteke agrees that § 3288 is the operative statute but argues nonetheless that Counts Two and Three of the superseding indictment

---

[1]   Count One of the present indictment charges Muteke with failing to appear at the trial of 1:09-cr-387 on March 8, 2010.  [Doc. 18 at 1].

contain different factual allegations than Counts One and Five of the original indictment, and thus broadened and substantially amended the original charges; as a result, he argues that these counts should be dismissed. [Doc. 43 at 1-2]. The government replies that Counts Two and Three of the superseding indictment are based on approximately the same facts as dismissed Counts One and Five in 1:09-cr-387-ODE-ECS, and thus dismissal is not warranted. [Doc. 44 at 2-3].

### C.   *Discussion*

The statute of limitations for violations of 26 U.S.C. § 7206(2) is six years, as set out in 26 U.S.C. § 6531(3). Thus, to timely charge violations of § 7206(2) occurring on or about February 6 and 23, 2006, an indictment would have had to be returned by February 5, 2012, unless the limitations period is properly tolled. Title 18 U.S.C. § 3288 is the tolling statute applicable to this case and provides, in relevant part, as follows:

> Whenever an indictment . . . charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment . . . .

There is no dispute that the superseding indictment was filed within six months of the dismissal of the initial indictment. However, despite the open-ended language of

3

§ 3288 set out above, the Eleventh Circuit has held that a limitations period will be tolled under § 3288 only "if the charges and allegations in the new indictment are substantially the same as those in the original indictment." *United States v. Italiano*, 894 F.2d 1280, 1282 (11th Cir. 1990); *see also United States v. Grady*, 544 F.2d 598, 601-02 (2d Cir. 1976). As explained in *Italiano*, "an untimely indictment can only be saved by the section 3288 exception if it does not broaden or substantially amend the original charges 'tolled' by the previous indictment." *Italiano*, 894 F.2d at 1283. The *Italiano* court stated that "the crucial inquiry is whether approximately the same facts were used as the basis of both indictments." *Id.* at 1285.

The superseding indictment's charges did not broaden or substantially amend the earlier charges. Count One of the initial indictment charged Muteke with violating § 7206(2) by assisting in the preparation and submission of K.C.'s 2005 tax return which contained a false dependent, a false Schedule C, and a false fuel tax credit. *Muteke*, 1:09-CR-387-ODE-ECS, ECF No. 1 at 2. In the present indictment, Count Two charges the same violation but only lists two lines of Schedule C as false: on line 8, an Advertising Expense of $2,600, and on line 18, an Office Expense of $600. [Doc. 18 at 2]. Thus, Count Two of the current indictment is narrower than and does not broaden nor substantially amend the allegations of Count One in the earlier

4

indictment. Moreover, an allegation that there were two lines on Schedule C that were false uses approximately the same facts (or a subset of those facts) as the earlier allegation that the entirety of Schedule C was false.

Further, Count Five of the original indictment charged a false Schedule C and false fuel tax credit on E.T.'s 2005 return. *Muteke*, 1:09-CR-387-ODE-ECS, ECF No. 1 at 2. In Count Three of the superseding indictment, Muteke is charged with involvement with the submission of a false tax return, specifically in regard to lines 8 (a false $5,000 advertising expense) and 18 (a false $3,260 office expense) on Schedule C of E.T.'s 2005 return. [Doc. 18 at 2]. Again, these allegations are narrower than those in Count Five of the dismissed indictment and do not broaden nor substantially amend the allegations of Count Five in the earlier indictment. Further, proving that two particular lines of Schedule C were false would use approximately the same evidence (or a subset of the same evidence) as would be used to establish that Schedule C generally was false. As such, the policies of the statute of limitations are not offended where Muteke is forced to defend the same charges on narrower grounds than those that were alleged in the dismissed indictment. *See Grady*, 544 F.2d at 601 ("The defendant[ is] put on timely notice, because of the pendency of an indictment,

5

filed within the statutory time frame, that []he[] will be called to account for [his] activities and should prepare a defense.").

As a result, the undersigned **RECOMMENDS** that Muteke's motion to dismiss Counts Two and Three of the superseding indictment, [Doc. 33], be **DENIED**.

## II. *Motion* in Limine *[Doc. 25]*

The government moves to prevent Muteke from introducing evidence or argument at his trial (1) the initial indictment was dismissed on grounds of a Speedy Trial Act violation; (2) of any potential penalties he might face upon conviction; or (3) for jury nullification. [Doc. 25]. The undersigned concludes that this motion should be **DEFERRED** to the District Court. First, this motion was not formally referred to the undersigned. (*See* Dkt.). Second, and more importantly, there is no indication that Muteke intends to offer evidence or argument on these three topics. A recommended resolution therefore would be in the nature of an imprudent advisory opinion. Third, inadmissible evidence or improper argument may become admissible or proper depending on other evidence and argument at trial. As a result, these matters are best left to the sound judgment of the District Judge.

6

AO 72A
(Rev.8/82)

### III. *Conclusion*

For the reasons set forth above, the undersigned **RECOMMENDS** that Muteke's motion to dismiss Counts Two and Three of the Superseding Indictment, [Doc. 33], be **DENIED**.

Further, the undersigned **DEFERS** the government's motion *in limine*, [Doc. 25], to the District Judge.

The undersigned has now ruled on all referred matters and has not been advised of any impediments to the scheduling of a trial. Therefore, this action is **CERTIFIED READY FOR TRIAL**.

**IT IS SO RECOMMENDED and CERTIFIED**, this the 18th day of May, 2016.

**IT IS SO ORDERED**, this ___18th___ day of ___May___, 2016.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)